**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**VICTOR BERRELLEZA-VERDUZCO** **PETITIONER**

**v.** **CIVIL ACTION NO. 3:26-cv-175-KHJ-MTP**

**WARDEN CHILDRESS** **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Victor Berrelleza's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

On September 13, 2013, Berrelleza-Verduzco was sentenced in the United States District Court for the Western District of Washington to a 20-year term of imprisonment for conspiracy to distribute a controlled substance, conspiracy to engage in money laundering, conspiracy to interfere with commerce by robbery, and conspiracy to possess a firearm in furtherance of a drug trafficking crime. *See* [8-1] at 5. On March 16, 2026, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Berrelleza-Verduzco filed the instant Petition arguing that he earned First Step Act ("FSA") time credit,[1] which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence.

Thereafter, Warden Childress filed a Response [8] arguing that the Petition should be dismissed because Berrelleza-Verduzco as an alien under a final order of removal and is, therefore, ineligible to receive FSA time credit. Berrelleza-Verduzco filed no reply.

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

**ANALYSIS**

A prisoner subject to a final order of removal is ineligible to apply time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal . . . ); s*ee also Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) ("a prisoner is ineligible to apply time credits if the prisoner is the subject of a final order of removal"); *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024) ("prisoners with final orders of removal remain ineligible to apply [FSA] credits"); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025) ("under 18 U.S.C. § 3632, a prisoner is ineligible to apply time credits if he or she is the subject of a final order of removal").

Along with a declaration from Amy Landers, a paralegal at FCC Yazoo City, Warden Childress submitted an "Order of Removal" issued to Berrelleza-Verduzco by an officer for the Department of Homeland Security on March 18, 2011. *See* [8-1] at 7-8. In the removal order, Berrelleza-Verduzco is found to be inadmissible into the United States and is ordered removed from the United States to Mexico. *Id*.

For his part, Berrelleza-Verduzco argues that he is not subject to a final order of removal because the removal order issued to him is not "signed by a judge." *See* [1] at 2. Without a judge's signature, says Berrelleza-Verduzco, the document is simply a detainer for a possible deportation, not a final order of removal.

The United States Supreme Court, however, has defined a final order of removal broadly as an "order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Berrelleza-Verduzco's removal order does just that. Thus, under *Nasrallah*, the removal order is a final order of removal.

Further, courts have determined that removal orders are considered "final orders of removal" under § 3632 even if they are not specifically called a "final order of removal" or issued by an immigration judge. *See*, *e.g.*, *Buendia-Caldera v. United States*, 2025 WL 1680020 (S.D. Miss. Mar. 31, 2025) (finding that petitioner was subject to a "final order of removal" even though the order was issued by the Department of Homeland Security and not an immigration judge); *Duarte-Varsquez v. Warden, FCI Beaumont Low*, 2024 WL 4864618 (E.D. Tex. Oct. 28, 2024) (holding that petitioner was not eligible to apply earned time credits because he was subject to a "Notice of Expedited Removal" issued by the Department of Homeland Security); *Alvarez-Garcia v. Rivers*, 2024 WL 1288662 (N.D. Tex. Mar. 26, 2024) (holding that a petitioner was not entitled to apply earned time credits because he was subject to a "final order of removal" issued by ICE)

Because Berrelleza-Verduzco is subject to a final order of removal, he has failed to demonstrate that he is eligible to apply FSA time credits, and the Petition [1] should be dismissed.[2]

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

[2] In addition to arguing the merits of Berrelleza-Verduzco's claim, Warden Childress argues that the Petition [1] should be dismissed because Berrelleza-Verduzco failed to exhaust his administrative remedies. The undersigned finds that, in the interest of judicial economy, the Court should decline to address the exhaustion issue and, instead, dismiss the Petition [1] with prejudice as it lacks merit. *See Nichols v. Joslin*, 2005 WL 1017833, at *2-3 (N.D. Tex. Mar. 25, 2005) ("federal courts may deny a § 2241 petition on the merits despite a lack of exhaustion"); *see also Gallegos-Hernandez v. United States*, 688 F.3d 190, 194-96 (5th Cir. 2012) (affirming district court's alternative dismissal of § 2241 petition on the merits where district court had also found that petition failed to exhaust administrative remedies).

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 28th day of September, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE